## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JUL 1 2026 AM 10:06
FILED - USDC - FLMD - TPA

FREDDY ANTONIO RUSSIAN
701 S. Howard Ave.
Suite 106 #389
Tampa, Florida 33606

Plaintiff,

v.

ARMATURE WORKS LLC;
DOVETAIL PROPERTY MANAGEMENT LLC; and
CERBERUS RISK MANAGEMENT LLC,

Defendants.

Case No.:

8:26-CV-1896-JLB-AEP

## COMPLAINT

### DEMAND FOR JURY TRIAL

### MOTION TO PRESERVE EVIDENCE

### EXHIBIT INDEX

### SUMMONS PACKET

## DEFENDANTS AND SERVICE ADDRESSES

| Defendant | Service / Registered Agent Address |
|---|---|
| ARMATURE WORKS LLC | Serve Registered Agent: Three Oaks RA, LLC<br>220 W. 7th Ave., Suite 110<br>Tampa, FL 33602 |
| DOVETAIL PROPERTY MANAGEMENT LLC | Serve Registered Agent: Three Oaks RA, LLC<br>220 W. 7th Ave., Suite 110<br>Tampa, FL 33602 |
| CERBERUS RISK MANAGEMENT LLC | Serve Registered Agent: NOBIS FINANCIAL LLC<br>817 East Conover St<br>Tampa, FL 33603<br>Principal/Mailing Address: 1905 Market St, Hyde House Heights, Unit 13, Tampa, FL 33602 |

The individual security officers are not named as defendants at this time. Plaintiff reserves the right to seek leave to amend if discovery identifies additional responsible persons or entities with a good-faith basis for liability.

# EXHIBIT INDEX

| Exhibit | Description |
| --- | --- |
| Exhibit 1 | Photographs identifying Cerberus Risk Management security personnel and uniforms. |
| Exhibit 2 | Armature Works signage and exterior conditions, including visible posted rules. |
| Exhibit 3 | Photographs of the Armature Works / Tampa Riverwalk area, including photos of shirtless individuals in the same general outdoor/public-access area. |
| Exhibit 4 | Map and location screenshots showing the Armature Works / Ulele / Riverwalk area. |
| Exhibit 5 | Plaintiff's video recording of the encounter and Plaintiff's transcript prepared from that video recording. |
| Exhibit 6 | 911 call / CAD report / dispatch audio - to be requested and supplemented when received. |
| Exhibit 7 | Weather Report - Tampa / Armature Works-Riverwalk Area for June 25, 2026 at approximately 1:23 p.m. EDT. |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. PARTIES

1. Plaintiff Freddy Antonio Russian is a Hispanic/Latino individual residing in Florida. Plaintiff proceeds pro se unless counsel later appears.

2. Defendant Armature Works LLC is a Florida limited liability company that operates, manages, controls, leases, owns, or is responsible for the Armature Works public-facing premises, including the Heights Public Market and adjacent outdoor areas in Tampa, Florida. Sunbiz information provided by Plaintiff identifies its registered agent as Three Oaks RA, LLC, 220 W. 7th Ave., Suite 110, Tampa, Florida 33602.

3. Defendant Dovetail Property Management LLC is a Florida limited liability company identified in Sunbiz information provided by Plaintiff as the authorized representative for Armature Works LLC. Its registered agent is Three Oaks RA, LLC, 220 W. 7th Ave., Suite 110, Tampa, Florida 33602.

4. Defendant Cerberus Risk Management LLC is a Florida limited liability company that provided security services at Armature Works on or about June 25, 2026. A security uniform photographed at the scene shows the logo and name "Cerberus Risk Management." Sunbiz information provided by Plaintiff identifies its registered agent as NOBIS FINANCIAL LLC, 817 East Conover St, Tampa, Florida 33603.

5. The security personnel who interacted with Plaintiff are not named as defendants at this time. Plaintiff alleges they were acting within the course and scope of their work for Cerberus Risk Management LLC and/or on behalf of Armature Works LLC and Dovetail Property Management LLC.

## II. JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. section 1331 because Plaintiff alleges violations of federal civil-rights statutes, including 42 U.S.C. section 1981 and Title II of the Civil Rights Act of 1964, 42 U.S.C. section 2000a et seq., to the extent supported by discovery and proof.

7. This Court has supplemental jurisdiction over related Florida-law claims under 28 U.S.C. section 1367 because those claims arise from the same case or controversy as the federal claims.

8. Venue is proper in the Middle District of Florida, Tampa Division, because the events occurred in Tampa, Hillsborough County, Florida, and Defendants conduct business in this District.

9. Plaintiff demands a jury trial on all issues so triable under Rule 38 of the Federal Rules of Civil Procedure.

## III. FACTUAL ALLEGATIONS

10. On June 25, 2026, at approximately 1:23 p.m., Plaintiff was lawfully riding his bicycle in the Armature Works / Tampa Riverwalk area in Tampa, Florida.

11. At the time, the outdoor conditions were extremely hot. Plaintiff alleges the temperature was approximately 91-92°F, with a heat index exceeding 100°F. Plaintiff will supplement the record with official historical weather records if required.

12. Because of the heat and because he was riding a bicycle outdoors, Plaintiff was not wearing a shirt. Plaintiff observed that shirtless runners, cyclists, and pedestrians commonly use the Tampa Riverwalk and nearby outdoor areas.

13. Plaintiff briefly stopped for less than one minute to answer a telephone call before continuing his bicycle ride. Plaintiff was not loitering, threatening anyone, blocking pedestrian traffic, trespassing, exposing himself, or creating a disturbance.

14. Two security officers employed by or acting on behalf of Defendants approached Plaintiff and instructed him that he was required to wear a shirt.

15. Plaintiff requested that the officers identify the written policy or posted sign applicable to the outdoor area where he had stopped.

16. The officers did not produce a written policy or identify an outdoor sign stating that a shirt was required in the location where Plaintiff had been standing. Plaintiff alleges that they walked around attempting to locate such a sign but never produced one.

17. Plaintiff observed that the only sign he could find was near the entrance before going inside the building. The sign Plaintiff photographed did not state that shirts were required in the outside Riverwalk/outdoor area.

18. During the encounter, Plaintiff alleges that the officers informed him that they would call law enforcement and have Plaintiff arrested if he did not comply. Plaintiff recognizes that this statement is not captured on the portion of video presently available, but alleges it occurred and expects discovery/testimony to address it.

19. Believing the threat to be unjustified, Plaintiff remained at the location and contacted 911 himself at approximately 1:27 p.m. to report the incident. Plaintiff waited for law enforcement to arrive.

20. No police officer arrived, Plaintiff was not arrested, no citation was issued, and Plaintiff was not charged with violating any law.

21. Plaintiff photographed Cerberus Risk Management security personnel, the Armature Works signage, the outdoor location, the Riverwalk, and other shirtless individuals using the same general outdoor/public-access areas.

22. Plaintiff is Hispanic/Latino. Upon information and belief, Plaintiff was selectively targeted while similarly situated shirtless individuals in nearby outdoor areas were permitted to remain without comparable threat or interference. Plaintiff seeks discovery to determine whether discriminatory enforcement or selective treatment motivated Defendants' actions.

23. Plaintiff alleges that the threat to use police authority and have him arrested for not wearing a shirt, under these circumstances, caused humiliation, embarrassment, emotional distress, and interruption of his lawful recreational bicycle ride.

## IV. CLAIMS FOR RELIEF

### COUNT I - 42 U.S.C. section 1981 (Race/Ethnicity Discrimination - Against All Defendants)

24. Plaintiff realleges the preceding paragraphs.

25. Plaintiff is Hispanic/Latino and alleges that Hispanic/Latino ethnicity is protected under federal civil-rights law to the extent the challenged conduct was motivated by race or ethnicity.

26. Plaintiff alleges that Defendants, through their security personnel, selectively enforced an unwritten or unposted shirt requirement against Plaintiff while similarly situated non-Hispanic individuals were not treated the same in the nearby outdoor area.

27. Plaintiff alleges that Defendants' conduct interfered with Plaintiff's equal right to use and enjoy the public-facing services and facilities offered in connection with Armature Works and the surrounding public-access commercial environment.

28. Plaintiff seeks all relief available under law, subject to proof and the Court's rulings.

**COUNT II - Title II Public Accommodation Discrimination, 42 U.S.C. section 2000a et seq.**

29. Plaintiff realleges the preceding paragraphs.

30. Armature Works and the Heights Public Market are public-facing commercial and hospitality facilities open to the public. Plaintiff alleges that he was denied equal treatment in connection with a public accommodation or related public-facing facility.

31. Plaintiff alleges that the actions of Defendants' security personnel interfered with Plaintiff's equal enjoyment of the premises and surrounding public-access area based on race, color, ethnicity, and/or national origin, as discovery may confirm.

32. Plaintiff seeks declaratory and injunctive relief, including an order prohibiting discriminatory or selectively enforced security practices in the public-facing outdoor areas.

**COUNT III - Negligent Training, Supervision, and Retention (Supplemental Florida Claim)**

33. Plaintiff realleges the preceding paragraphs.

34. Defendants owed a duty to exercise reasonable care in hiring, training, supervising, and retaining security personnel interacting with members of the public.

35. Defendants breached that duty by allowing security personnel to threaten arrest, attempt to enforce an unproduced or unposted policy in an outdoor public-access area, and fail to clarify the lawful basis for their demand when Plaintiff requested it.

36. As a result, Plaintiff suffered humiliation, emotional distress, interruption of his bicycle ride, and other damages to be proven through discovery and at trial.

**COUNT IV - Declaratory and Injunctive Relief**

37. Plaintiff realleges the preceding paragraphs.

38. An actual controversy exists regarding whether Defendants may use private security to threaten arrest for shirtless bicycle riding or brief stops in outdoor public-access areas where no applicable written policy is posted or produced.

39. Plaintiff seeks declaratory and injunctive relief requiring Defendants to preserve evidence, identify policies, train security personnel, and refrain from discriminatory or unsupported threats of arrest.

## V. RESERVATION OF RIGHTS TO AMEND AND ADD DEFENDANTS

40. Plaintiff alleges that the identities and roles of all persons and entities responsible for the conduct described in this Complaint are not presently known.

41. Plaintiff believes discovery may identify additional individuals and entities who participated in, authorized, directed, supervised, ratified, or failed to prevent the conduct alleged herein, including officers, directors, managing members, members, partners, supervisors, employees, agents, contractors, security personnel, and other persons acting individually or in concert.

42. Plaintiff expressly reserves the right under the Federal Rules of Civil Procedure to seek leave to amend this Complaint and add additional defendants whose involvement is supported by evidence obtained during discovery.

## VI. PRAYER FOR RELIEF

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Award compensatory damages, punitive damages if authorized by law, costs, and all relief permitted by law;

C. Grant declaratory and injunctive relief requiring preservation of evidence, identification of written policies, and appropriate corrective action;

D. Grant Plaintiff leave to amend after discovery identifies additional responsible persons or entities;

E. Grant a trial by jury on all issues so triable; and

F. Grant such further relief as the Court deems just and proper.

Plaintiff reserves the right to present evidence regarding the full nature and extent of damages during discovery and at trial.


Respectfully submitted,

/s/ Freddy Antonio Russian

Freddy Antonio Russian
Plaintiff, Pro Se
701 S. Howard Ave.
Suite 106 #389
Tampa, Florida 33606
Telephone: (813) 527-1214
Email: farsrussian@yahoo.com

# PLAINTIFF'S JURY DEMAND

Plaintiff Freddy Antonio Russian demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

/s/ Freddy Antonio Russian

# MOTION TO PRESERVE EVIDENCE AND SPOLIATION NOTICE

Plaintiff moves for an order requiring Defendants to preserve evidence and provides formal notice that litigation is pending. Defendants should preserve, without limitation:

1. All surveillance video from every camera covering Armature Works, the Heights Public Market, adjacent sidewalks, outdoor seating areas, entrances, exits, plaza areas, and the Tampa Riverwalk on June 25, 2026, from 12:30 p.m. to 2:30 p.m.;

2. Any body-worn camera recordings, cell phone videos, photographs, or recordings taken by security personnel;

3. All radio communications between security officers and supervisors;

4. All CAD reports, dispatch logs, 911 calls, recordings, and transcripts relating to the incident;

5. All incident reports, investigative reports, trespass reports, daily activity logs, and security logs;

6. All written policies regarding dress code enforcement, shirt requirements, trespass procedures, citizen contacts, calls to law enforcement, public access areas, and contacts with members of the public;

7. All training manuals, employee handbooks, security directives, standard operating procedures, and post orders;

8. All emails, text messages, internal messaging application records, memoranda, and communications concerning Plaintiff, this incident, shirt enforcement, the Riverwalk, or calls to police;

9. The identities, schedules, assignments, training records, and supervisor chain of command for every security officer involved, to the extent permitted by law;

10. Any complaints from members of the public concerning similar conduct by Defendants;

11. Any contracts, agreements, statements of work, post orders, or service agreements between Armature Works and Cerberus Risk Management;

12. Any insurance policies that may provide coverage for the claims asserted in this action.

Plaintiff specifically notifies Defendants that destruction, alteration, deletion, or loss of evidence after notice of this litigation may constitute spoliation of evidence and may subject Defendants to sanctions, adverse inference instructions, monetary sanctions, or other relief authorized by law.

WHEREFORE, Plaintiff requests that the Court order Defendants to preserve the evidence described above and grant such further relief as the Court deems just and proper.

/s/ Freddy Antonio Russian

# CERTIFICATE OF SERVICE

I certify that, after filing, I will serve the Complaint, summons, motions, and exhibits on the following Defendants by a method permitted by the Federal Rules of Civil Procedure:

| Defendant | Service Address |
|---|---|
| Armature Works LLC | c/o Three Oaks RA, LLC<br>220 W. 7th Ave., Suite 110<br>Tampa, FL 33602 |
| Dovetail Property Management LLC | c/o Three Oaks RA, LLC<br>220 W. 7th Ave., Suite 110<br>Tampa, FL 33602 |
| Cerberus Risk Management LLC | c/o NOBIS FINANCIAL LLC<br>817 East Conover St<br>Tampa, FL 33603 |

/s/ Freddy Antonio Russian
Freddy Antonio Russian, Plaintiff Pro Se

## CIVIL COVER SHEET INFORMATION

| Item | Information |
| --- | --- |
| Court | United States District Court, Middle District of Florida, Tampa Division |
| Plaintiff | Freddy Antonio Russian, 701 S. Howard Ave., Suite 106 #389, Tampa, FL 33606 |
| Defendants | Armature Works LLC; Dovetail Property Management LLC; Cerberus Risk Management LLC |
| Basis of Jurisdiction | Federal Question |
| Cause of Action | 42 U.S.C. section 1981; 42 U.S.C. section 2000a et seq.; supplemental Florida law claims |
| Nature of Suit | Civil Rights / Other Civil Rights |
| Jury Demand | Yes |
| County of Residence | Hillsborough County, Florida |
| Related Cases | None known at time of filing |

## SUMMONS IN A CIVIL ACTION

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FREDDY ANTONIO RUSSIAN, Plaintiff, v. ARMATURE WORKS LLC; DOVETAIL PROPERTY MANAGEMENT LLC; and CERBERUS RISK MANAGEMENT LLC, Defendants.

Case No.: _____

**To:** ARMATURE WORKS LLC
c/o Three Oaks RA, LLC
220 W. 7th Ave., Suite 110
Tampa, FL 33602

A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

The answer or motion must be served on the plaintiff at the following address:

Freddy Antonio Russian
701 S. Howard Ave.
Suite 106 #389
Tampa, Florida 33606
Telephone: (813) 527-1214
Email: farsrussian@yahoo.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Date: _____

Signature of Clerk or Deputy Clerk: _____

## SUMMONS IN A CIVIL ACTION

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FREDDY ANTONIO RUSSIAN, Plaintiff, v. ARMATURE WORKS LLC; DOVETAIL PROPERTY MANAGEMENT LLC; and CERBERUS RISK MANAGEMENT LLC, Defendants.

Case No.: _____

**To:** DOVETAIL PROPERTY MANAGEMENT LLC
c/o Three Oaks RA, LLC
220 W. 7th Ave., Suite 110
Tampa, FL 33602

A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

The answer or motion must be served on the plaintiff at the following address:

Freddy Antonio Russian
701 S. Howard Ave.
Suite 106 #389
Tampa, Florida 33606
Telephone: (813) 527-1214
Email: farsrussian@yahoo.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Date: _____

Signature of Clerk or Deputy Clerk: _____

## SUMMONS IN A CIVIL ACTION

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

FREDDY ANTONIO RUSSIAN, Plaintiff, v. ARMATURE WORKS LLC; DOVETAIL PROPERTY MANAGEMENT LLC; and CERBERUS RISK MANAGEMENT LLC, Defendants.

Case No.: _____

**To:** CERBERUS RISK MANAGEMENT LLC
c/o NOBIS FINANCIAL LLC
817 East Conover St
Tampa, FL 33603

A lawsuit has been filed against you. Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12(a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.

The answer or motion must be served on the plaintiff at the following address:

Freddy Antonio Russian
701 S. Howard Ave.
Suite 106 #389
Tampa, Florida 33606
Telephone: (813) 527-1214
Email: farsrussian@yahoo.com

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Date: _____

Signature of Clerk or Deputy Clerk: _____

# EXHIBITS

The following exhibits are included. Audio/video files and official public records may need to be separately uploaded, filed conventionally, or supplemented according to Clerk instructions.

**Exhibit 1A - Cerberus Risk Management logo on security uniform**



**Exhibit 1B – Female security officer at Armature Works area**



**Exhibit 1C – Two security personnel in outdoor area**



**Exhibit 1D - Security personnel in relation to Armature Works exterior**



**Exhibit 2A - Heights Public Market / Armature Works exterior entry**



**Exhibit 2B - Armature Works exterior brick walkway and outdoor plaza area**



**Exhibit 2C - Armature Works exterior walkway and bollards near outdoor area**



**Exhibit 2D – Armature Works welcome sign and posted rules**



**Exhibit 3A - Shirtless individual near Armature Works / Riverwalk area**



**Exhibit 3B - Armature Works public-facing approach area**



**Exhibit 3C - Shirtless individual stopped while using phone near Armature Works area**



**Exhibit 3D - Shirtless individual near Armature Works / Riverwalk area**



**Exhibit 3E - Riverwalk public walkway adjacent to Armature Works**



**Exhibit 3F - Riverwalk public access and shirtless pedestrian**



**Exhibit 3G - Riverwalk public area with shirtless pedestrian**



**Exhibit 3H - Additional shirtless runner on Riverwalk**



**Exhibit 3I - Additional shirtless individual in Armature Works outdoor area**



Exhibit 3J - Additional shirtless individuals walking through Armature Works outdoor area



**Exhibit 3K – Wide view of Armature Works / Riverwalk outdoor area with shirtless individuals**



**Exhibit 3L - Public walkway and green area near Armature Works / Riverwalk**



**Exhibit 4A - City of Tampa Riverwalk map/signage**



**Exhibit 4B - Armature Works website/location screenshot**



**Exhibit 4C - Overhead Armature Works area screenshot**



# EXHIBIT 5 - VIDEO RECORDING AND PLAINTIFF'S TRANSCRIPT

### From Plaintiff's Video Recording

The following transcript was prepared by Plaintiff from Plaintiff's video recording of the incident. This transcript is provided to reflect the content of the video recording to the best of Plaintiff's ability and is not a certified court transcript. The video recording itself is the best evidence of its contents.

**[00:02-00:14]**

Hey, by the way, this is a sidewalk. This is sidewalk. Really. This is your property here too? This sidewalk, baby, you don't know the law. You don't know the fucking law.

**[00:19-00:20]**

You know what is this?

**[00:23-00:28]**

OK. I want to wait for the. I want to, I want to wait for the officer right here.

**[00:32-00:36]**

Hey, hey. I wanna wait for the officer. They're coming.

**[00:56-01:02]**

Say that it's a private property, the sidewalk.

**[01:05-01:08] - on-screen text, not confirmed as spoken audio**

This is Tampa Public St.

**[01:10-01:16]**

And they asked me to wear a shirt when I'm in a public property.

**[01:20-01:34]**

OK. And then actually? Request that they're going to arrest me for not wearing a shirt. So I'm waiting for the police right now. Let's see how that goes.

Note: Plaintiff states that the complete available video recording should be preserved and considered with this transcript and the photographic exhibits.

**Exhibit 6 - 911 Call / CAD Report**

Plaintiff called 911 at approximately 1:27 p.m. on June 25, 2026. Plaintiff will seek and supplement the 911 audio, CAD report, dispatch notes, and related public records when obtained.

# EXHIBIT 7 - WEATHER REPORT

**Weather Report - Tampa / Armature Works-Riverwalk Area**

Date/time: June 25, 2026, approximately 1:23 p.m. EDT

Time in METAR format: approximately 1723 UTC

Reference station used: KTPA - Tampa International Airport, the main official airport observation station for Tampa. Armature Works is located at 1910 N. Ola Avenue, Tampa, Florida, and KTPA is west of downtown Tampa. Therefore, the KTPA weather observation is a nearby official observation, not an on-scene measurement.

No METAR observation was located that was timestamped exactly 1:23 p.m. EDT. The closest bracketing reports were 12:53 p.m. EDT / 1653 UTC and 1:53 p.m. EDT / 1753 UTC.

At 12:53 p.m. EDT, KTPA reported wind from 260 degrees at 10 knots; 10 miles visibility; clouds few at 3,500 feet, scattered at 4,500 feet, broken at 25,000 feet; temperature 34°C / approximately 93°F; dew point 23°C / approximately 73°F; and altimeter 30.08 inHg. The remarks noted thunderstorm activity earlier in the hour, with occasional distant lightning and cumulonimbus clouds in several directions.

At 1:53 p.m. EDT, KTPA reported wind from 270 degrees at 11 knots; 10 miles visibility; clouds few at 3,500 feet, scattered at 4,500 feet, broken at 25,000 feet; temperature 33°C / approximately 91°F; dew point 24°C / approximately 75°F; and altimeter 30.07 inHg. The remarks again noted occasional distant lightning and cumulonimbus clouds, but no rain or thunderstorm was reported as present at the station in the main body of the METAR.

Estimated conditions at approximately 1:23 p.m. EDT: hot and humid, approximately 92°F, dew point approximately 74°F, relative humidity approximately 56%, with an estimated heat index of approximately 102°F. Wind was likely from the west to west-southwest at approximately 12-13 mph, visibility was approximately 10 miles, and skies were partly to mostly cloudy with high broken cloud cover. The airport observations do not show rain falling at KTPA at the exact bracketing times, but they do indicate nearby or recent thunderstorm activity and distant lightning/cumulonimbus clouds in the Tampa area.

**Litigation-Friendly Weather Summary**

On June 25, 2026, at approximately 1:23 p.m. EDT, weather conditions in the Tampa / Armature Works-Riverwalk area were hot and humid, with temperatures near 92°F, an estimated heat index near 102°F, west-to-west-southwest winds around 12-13 mph, visibility of approximately 10 miles, and partly to mostly cloudy skies. Nearby official airport observations noted recent or distant thunderstorm activity and distant lightning/cumulonimbus clouds in the broader Tampa area, though no rain was reported at the Tampa International Airport observation station in the bracketing reports.

For a court-certified weather record, NOAA/NCEI archived weather data should be requested or obtained, as NCEI is the official archived source for National Weather Service data.